SUSAN WELCH AND LONG BRANCH EDUCATION ASSOCIATION, PETITIONER-APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF LONG BRANCH, MONMOUTH COUNTY, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 4, 1978—Decided April 20, 1978.

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. Michael D. Schottland* argued the cause for appellant (*Messrs. Chamlin, Schottland, Rosen & Cavanagh,* attorneys; *Messrs. Michael D. Schottland* and *Thomas W. Cavanagh, Jr.,* on the brief).

*Mr. Richard D. McOmber* argued the cause for respondent.

*Mr. John J. Degnan,* Attorney General, filed a statement in lieu of brief on behalf of the New Jersey State Board of Education (*Mr. William F. Hyland,* former Attorney General, and *Ms. Susan P. Gifis,* Deputy Attorney General, of counsel).

PER CURIAM. The sole issue presented by this appeal is whether a board of education may resolve not to renew a nontenured teacher's contract in a private conference session, rather than in a public meeting.

The essential facts were undisputed. Petitioner, a nontenured teacher, was notified by letter dated March 25, 1975 that the board of education had decided not to renew her contract for the following year. It was stipulated that this decision was made at a private conference of the board and was not formally ratified at a public meeting. The State Board of Education adopted the Commissioner's findings that such decisions may be made in private session without subsequent ratification at a public meeting.

In notifying petitioner of the nonrenewal, the board complied with the procedure mandated in 1972 by *N. J. S. A.* 18A:27–10:

On or before April 30 in each year, every board of education in this State shall give to each nontenure teaching staff member continuously employed by it since the preceding September 30 either
a. A written offer of a contract for employment for the next succeeding year providing for at least the same terms and conditions of employment but with such increases in salary as may be required by law or policies of the board of education, or
b. A written notice that such employment will not be offered.

Petitioner concedes that the statute does not expressly require that the decision not to renew be taken only in public meeting. She points out, however, that prior to 1972 boards of education were not required to give any notice of nonrenewal to nontenured teachers. By mandating affirmative action via *N. J. S. A.* 18A:27–10, she argues, the Legislature intended that the action be taken at public meeting, citing the principle that municipalities can take official action only at public meetings.

But school boards are not identical to municipalities, and are not subject to the same constraints. *Atlantic Comm. College v. Civil Service Comm'n,* 59 *N. J.* 102, 110 (1971); *Gulano v. Elizabeth School Dist. Bd. of Est.,* 39 *N. J.* 300, 303 (1963).

Neither *N. J. S. A.* 18A:27–10 nor any other provision of the Education Law requires that nonrenewals be resolved at public meetings. *Trenton Times Corp. v. Trenton Bd. of Ed.,* 138 *N. J. Super.* 357 (App. Div. 1976), relied upon by petitioner, is not to the contrary. In that case the court simply noted in passing that the board had announced the nonrenewal at a public meeting. It expressed no opinion on the necessity of such action, as that issue was not presented.

The issue here was one of law; therefore we are not precluded from assessing the correctness of the administrative determination. *Mayflower Securities v. Bureau of Securities,* 64 *N. J.* 85, 93 (1973); *Biancardi v. Waldwick Bd. of Ed.,* 139 *N. J. Super.* 175, 177 (App. Div. 1976), aff'd o. b. 73 *N. J.* 37 (1977). We conclude that the State Board's decision correctly interpreted the law. In addition, we acknowledge the Commissioner's view, expressed in his opinion below, that there are cogent policy reasons for permitting nonrenewal decisions to be made in private: the teacher's right to privacy, the interest in preserving the teacher's reputation, and the desire to avoid discouraging the exercise of a teacher's right to a statement of reasons and a hearing. *Cf. Trenton Times,* above, 138 *N. J. Super.* at 363.

Affirmed.